# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY AMINZADEH, ) | 1:10-cv-01068 GSA |
| ) | |
| Plaintiff, ) | ORDER REGARDING PLAINTIFF'S |
| ) | COUNSEL'S RESPONSE FILED |
| v. ) | FEBRUARY 7, 2011 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | ORDER DISCHARGING ORDER TO |
| ) | SHOW CAUSE |
| Defendant. ) | |
| ) | |
| _____) | |

On February 2, 2011, this Court issued an Order to Show Cause regarding Plaintiff's failure to file an opening brief in this matter. Plaintiff was ordered to show cause in writing why the action should not be dismissed for her failure to comply with the Court's June 14, 2010, order. Further, the Court ordered Plaintiff's counsel to personally appear at the hearing scheduled for February 15, 2011, noting a pattern regarding missed deadlines. (Doc. 14.)

On February 7, 2011,[1] Plaintiff's counsel filed a written response wherein she claims she "was not aware of the Defendant's new policy that they would no longer send a paper copy of the administrative record." (Doc. 15 at 1.) Apparently, the procedure in counsel's law office

---

[1] The response itself is dated "February 22, 2010," yet that is clearly erroneous.

1

involved calendaring the matter only upon receipt of the administrative record in hard copy format. Because counsel's office was "regularly receiving hard copies of the administrative record" through January 2011, this apparently is the reason for the missed deadline in this instant matter. Counsel also advises the Court that the office is "integrating Prevail software to help manage" its files, including "a built in calendaring reminder system to help avoid these errors." (Doc. 15 at 2.) The new program "will automatically schedule an electronic reminder 120 days after the service of the complaint" to ensure timely receipt of the administrative record. (Doc. 15 at 2.) Finally, Plaintiff's counsel asks the Court to discharge the Order to Show Cause because she declared it was her intent to file the opening brief in this matter by February 8, 2011.[2] (Doc. 15 at 3.)

Counsel also indicated that "previous orders to show cause" involved cases wherein "she had written to the clients requesting them to dismiss" the cases, but thereafter "misfiled" them. (Doc. 15 at 2.) This Court notes, however, that in 2008, the matter involving the issuance of an order to show cause was ultimately decided upon the merits. In 2009, dismissal occurred in one of the two cases previously referenced by the Court; the other case was decided on the merits. In 2010, none of the orders to show cause issued by this Court were followed by a dismissal and all are pending a decision on the merits.

It is important that Plaintiff's counsel understand that should a pattern of missed deadlines in her caseload before this Court persist, it will result in sanctions or will require counsel's personal appearance in lieu of a written response to any future orders to show cause. Further, the Court notes that counsel's office received notice via this Court's CM/ECF system that the administrative record in this matter had been lodged in both paper and electronic formats on October 28, 2010. In fact, the electronic receipt associated with the transaction indicates counsel received notice of the electronic filing at approximately 2:40 p.m. that date. The Court's docket is certainly a source counsel may consult for purposes of tracking her pending caseload.

---

[2]Plaintiff's Opening Brief was filed February 8, 2011. (Doc. 16.)

1  For the reasons stated above, the show cause hearing previously scheduled for 10:00 a.m.
2  in Courtroom 10 on February 15, 2011, is HEREBY VACATED.

6  IT IS SO ORDERED.

7  Dated:   February 9, 2011           /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE